# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0184, <u>Theresa Norelli & a. v. Secretary of State & a.</u>, the court on May 31, 2022, issued the following order:**

In our May 12, 2022 opinion issued in this case, we addressed two preliminary questions.  See <u>Norelli v. Secretary of State</u>, 175 N.H. ___, ___ (decided May 12, 2022) (slip op. at 2).  First, whether the current statute establishing a district plan for New Hampshire's two congressional districts, <u>see</u> RSA 662:1 (2016), violates Article I, Section 2 of the United States Constitution. <u>Id</u>. at ___ (slip op. at 2).  Second, if so, whether this court must establish a new district plan if the legislature fails to do so according to federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so. <u>Id</u>. at ___ (slip op. at 2) (quotation omitted).  We answered the first question in the affirmative.  <u>Id</u>. at ___ (slip op. at 2).  In answering the second question, we determined that, upon a demonstrated impasse, this court must establish a new district plan and, in doing so, we would apply the "least change" approach.  <u>Id</u>. at ___ (slip op. at 2).  As a result of our answers to those preliminary questions, we further concluded that we would take the necessary steps to formulate a congressional district plan in the absence of a legally enacted plan.  <u>Id</u>. at ___ (slip op. at 15).

Accordingly, on the date that we issued our opinion, we appointed Nathaniel Persily to serve as special master and directed him to prepare and issue to the court, no earlier than May 27, 2022, a report and a recommended congressional redistricting plan for New Hampshire pursuant to the "least change" approach and other criteria set forth in our opinion and in the appointment order.  We identified May 27 because we had determined, based on representations made during oral argument on the preliminary questions, that May 26, 2022, was the last date for legislative action in this session on a congressional redistricting plan, unless the legislature were to suspend its rules or to meet in special session.

As of May 27, no bill establishing new congressional districts had become a law pursuant to Part II, Article 44 of the State Constitution.  The special master therefore issued on that date the Report and Plan of the Special Master, which proposes that the court adopt a plan that would equalize the populations of New Hampshire's two congressional districts by moving the following towns from the First Congressional District to the Second Congressional District: Jackson;

Albany; Sandwich; Campton; and New Hampton.  Upon receiving the special master's report and proposed plan, we provided the parties, intervenors, and amici curiae an opportunity to file supplemental memoranda on the report and proposed plan, as well as on the status of redistricting legislation and the related need for us to adopt a plan by June 1, 2022.  We held oral argument on those issues on May 31.  It is now undisputed that a demonstrated impasse has occurred as a result of the Governor's May 27 vetoes of two congressional redistricting bills, Senate Bill 200 and House Bill 52.

Having considered each of the proposed plans, written submissions, and oral arguments, the court hereby adopts as the congressional district plan for New Hampshire the plan recommended by the special master as depicted and described in exhibits 1 and 4 of the Report and Plan of the Special Master.  The plan fully complies with our May 12 opinion and with the "least change" approach and other criteria set forth in our May 12 order appointing the special master.

Appended to this order is the Report and Plan of the Special Master, including its exhibits and appendix of documents.  The clerk of this court is directed to file an attested copy of this order and the foregoing material, along with the census block equivalency files provided by the special master, with the Secretary of State on or before June 1, 2022.  Upon filing, the congressional district plan shall take effect.  Unless otherwise ordered by the court, the filing of any motion to reconsider shall not stay the effectiveness of the congressional district plan.

So ordered.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**